IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EHA CONSULTING GROUP, INC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB 09-2859 |
| HARDIN & ASSOCIATES, P.C., *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Plaintiff EHA Consulting Group, Inc. ("EHA") brings this suit for breach of contract against Defendants Hardin & Associates, P.C., Kenneth J. Hardin II, and Hardin Thompson P.C. (collectively, "Defendants"). Pending before this court is Defendant Hardin Thompson P.C.'s Motion to Dismiss for Lack of Personal Jurisdiction (Paper No. 11). Plaintiff has not filed a Response in Opposition. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons that follow, Defendant Hardin Thompson P.C.'s Motion to Dismiss (Paper No. 11) is GRANTED.

## BACKGROUND

On or about January 8, 2009, Plaintiff EHA Consulting Group, Inc., a Maryland corporation, initially brought suit for breach of contract against Defendants Hardin & Associates, P.C., a Michigan law firm, ("H & A"), and its sole shareholder and corporate officer, Kenneth J. Hardin, II (a Michigan resident), in the Circuit Court for Baltimore County, Maryland. Am. Compl. Exs. A, B. The parties' dispute involves a contract entered into by EHA and H & A for services relating to a litigation matter in the Southern District of Florida (the "Kallas Matter").

1

This contract provides for jurisdiction and venue of either Maryland state court or the United States District Court for the District of Maryland in Baltimore.  Mot. to Dismiss., Ex. C ¶ 5.

On March 27, 2009, Hardin and Nicole Thompson, a former H & A associate, formed the law firm of Hardin Thompson P.C.  Mot. to Dismiss, Ex. C.  Like H & A, Hardin Thompson P.C. is also located in Michigan.  *Id*.  On or about June 1, 2009, H & A ceased active representation of clients, although the corporation remains open for settlement of claims and similar matters.  *Id.*  Hardin Thompson P.C. assumed much of the business of H & A.  *Id*.  However, Hardin Thompson P.C. is not and never has been a party to the contract at issue between EHA and H & A providing for jurisdiction in Maryland.  *Id*.  The only contacts Harding Thompson P.C. has had with Maryland are those arising out of litigating this case.  While Hardin and Thompson were still employed by H & A, they were admitted *pro hac vice* in the Baltimore County Circuit Court solely for purposes representing Hardin and H & A in this lawsuit.  Mot. to Dismiss, Exs. C and E.  No physical appearance has been made in Maryland by Hardin, Thompson, or any other employee of either H & A or Hardin Thompson, P.C.  *Id*.

In or about late June 2008, H & A was advised by its client, Julie Kallas, that she was replacing H & A with another law firm.  *Id*. Ex. C. ¶ 10.  Hardin Thompson P.C. has never been counsel for the clients in the Kallas Matter.  *Id.*  The Kallas matter is scheduled to be tried in December 2009, and H & A, not Hardin Thompson P.C., is the entity expecting to recover sums for the work it expended in that case.  Hardin Thompson P.C. has not assumed the accounts receivable of H & A.  *Id*.

On or about September 22, 2009, EHA filed an amended complaint in the above-captioned matter, asserting successor liability against Hardin Thompson P.C. as to its Breach of

Contract and Account Stated claims against H & A.  On October 28, 2009, Defendant Hardin Thompson P.C. removed the case to this Court.

## STANDARD OF REVIEW

When a defendant challenges a court's power to exercise personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence."  *Dring v. Sullivan*, 423 F. Supp. 2d 540, 543 (D. Md. 2006) (citing *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003)).  When a district court "decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction."  *Carefirst*, 334 F.3d at 396 (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989))."  In deciding whether the plaintiff has proved a prima facie case of personal jurisdiction, the district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor."  *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993) (citing *Combs*, 886 F.2d at 676).

In order for a court to exercise personal jurisdiction over a non-resident defendant, two conditions must be satisfied: "(1) the exercise of jurisdiction must be authorized under the state's long-arm statute and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment."  *Carefirst*, 334 F.3d at 396.  Although it is well-established that the outer limits of the Maryland long-arm statute are "co-extensive" with due process requirements, the Maryland Court of Appeals recently noted that analysis under the long-arm statute remains a requirement of the personal jurisdiction analysis.  *Mackey v. Compass Mktg, Inc.,* 391 Md. 117, 892 A.2d 479, 493 n.6 (Md. 2006); *see also Carefirst*, 334 F.3d at 396-

97; *Stover v. O'Connell Assocs., Inc*., 84 F.3d 132, 135 (4th Cir. 1996); MD CODE ANN., CTS. & JUD. PROC. § 6-103 (Maryland long-arm statute).  In order for the exercise of personal jurisdiction to comport with due process, a non-resident defendant must have sufficient "minimum contacts" with the forum state that requiring it to defend itself within the forum state "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

## ANALYSIS

**I.      General and Long Arm Jurisdiction**

Plaintiff EHA's Amended Complaint claims that this court has both general and specific jurisdiction over Defendant Hardin Thompson P.C.  General jurisdiction establishes jurisdiction only as to "persons domiciled in, organized under laws of, or maintaining principal place of business in [Maryland]." Md. Code, Courts and Jud. Proc. § 6-102.  EHA does not allege that Hardin Thompson P.C. is domiciled in, organized under the laws of, or maintains a principal place of business in Maryland.  Accordingly, this Court does not have general jurisdiction over Hardin Thompson P.C.

Plaintiff's other claimed basis for jurisdiction is the Maryland long arm statute.  Md. Code, Courts and Jud. Proc., § 6-103.  The only contact that Hardin Thompson P.C. has with Maryland is through its employees representing Hardin and H & A in this matter.  Thus, none of the bases for specific jurisdiction under Maryland's long arm statute apply.  Accordingly, this Court does not have jurisdiction over Hardin Thompson P.C. under the Maryland long arm statute.

## II.     Due Process

Due process allows an assertion of specific personal jurisdiction over an out-of-state defendant only if the defendant has "purposefully directed his activities at residents of the forum state . . . and the litigation results from alleged injuries that arise out of or relate to those activities," unless the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotations and citations omitted).  Since Hardin Thompson P.C. has only one contact with Maryland, its representation in this law suit, due process concerns mandate against exercising personal jurisdiction in this case.

## III.    Successor Liability

Plaintiff alleges that this Court may also assert jurisdiction over Defendant Hardin Thompson P.C. because it is a successor corporation of H & A.  In Maryland, jurisdiction based upon a theory of continuity of the *entity* is a basis for successor liability, whereas jurisdiction based upon continuity of the *enterprise* is not a basis for successor liability.  *Academy of IRM v. LVI Environmental Services, Inc*., 344 Md. 434, 451-52 (1997); *see also Nissen Corp. v. Miller*, 323 Md. 613, 618 (1991).  As the Court of Appeals of Maryland held in *Nissen*, "The mere continuation or continuity of entity exception applies where there is a continuation of directors and management, shareholder interest and, in some cases, inadequate consideration. The gravamen of the traditional mere continuation exception is the continuation of the corporate entity rather than continuation of the business operation." *Nissen*, 323 Md. at 620 (1991) (quotation omitted).  In comparison, "[A] continuity of enterprise analysis seeks to establish whether there is substantial continuity of pretransaction and posttransaction business activities resulting from the use of the acquired assets. . . ." *Id*. at n. 1 (quotation omitted).

5

Each of the allegations of successor liability set forth in the Plaintiff's Amended Complaint relates to a continuity of enterprise theory. Specifically, EHA alleges that Hardin Thompson P.C. "operates at the same location with the same employees; . . . has the same telephone number and email address; . . . provides the same services to the same clients; and whatever change in corporate form it undertook was to defraud creditors." Mot. to Dismiss, Ex. J, ¶ 16. Virtually all of these allegations are irrelevant to whether there is successor liability under Maryland law, as set forth above. Furthermore, EHA does not support its fraud charge with any specific allegations. Although Hardin, one of the shareholders and directors remains the same between the two entities, Hardin Thompson's second shareholder, Nicole Thompson, was not a director or manager or shareholder in H & A. More importantly, Hardin Thompson P.C. did not acquire the accounts receivable of H & A. This is significant because the rationale for the continuity of entity theory of predecessor liability is that it "…is designed to prevent a situation whereby the specific purpose of acquiring assets is to place those assets out of reach of the predecessor's creditors." *Nissen Corp. v. Miller*, 323 Md. 613, 618 (1991) (internal quotation omitted). Hardin Thompson took no action to place its assets out of the reach of EHA, to which it might be entitled as a creditor of Hardin & Associates, P.C. Thus, this Court does not find Hardin Associates P.C. to be a successor corporation and there is no basis for successor liability.

## CONCLUSION

For the reasons stated above, Defendant Hardin Thompson P.C.'s Motion to Dismiss (Paper No. 11) is GRANTED.

A separate Order follows.

Dated: March 19, 2010                             /s/_____
                                                  Richard D. Bennett
                                                  United States District Judge